**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**BENJAMIN HENDRICKS,**

    **Plaintiff,**

vs.                                                     Case No.: 2:12-cv-613
                                                            JUDGE SMITH
                                                            Magistrate Judge Deavers

**PHARMACIA CORPORATION,** *et al.***,**

    **Defendants.**

**<u>ORDER</u>**

        On June 4, 2014, the United States Magistrate Judge issued a *Report and Recommendation* recommending that Defendants' Motions to Dismiss be **GRANTED**. (Docs. 24 and 26). The parties were advised of their right to object to the *Report and Recommendation*. This matter is now before the Court on Plaintiff Hendricks' Objections to the *Report and Recommendation* as to the Pfizer Defendants (Doc. 51) and the Mylan Defendants (Doc. 52). The Defendants have responded and the Objections are now ripe for review. The Court will consider the matter *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

        Plaintiffs' Objections present the same issues presented to and considered by the Magistrate Judge in the *Report and Recommendation*. Specifically, with respect to the Pfizer Defendants, the Magistrate Judge correctly concluded that Plaintiff cannot state a claim against Pfizer under the Ohio Product Liability Act because he did not take a product made, sold, or distributed by the Pfizer Defendants. (*Report and Recommendation* at 10). Further, the Sixth Circuit recently addressed this issue in *In re Darvocet, Darvon, & Propoxyphene Prods. Liab.*

*Litig.*, 2014 U.S. App. LEXIS 12111 (6th Cir. June 27, 2014), holding that under Ohio law, a plaintiff cannot hold a brand-name drug manufacturer liable for harm allegedly caused by its competitor's generic product.  Finally, Plaintiff's reliance on *Wyeth v. Levine*, 555 U.S. 555 (2009), is misplaced because it provides no support for the "innovator liability" issue presented in this case.

With respect to the Mylan Defendants, the Magistrate Judge correctly concluded that as a generic drug manufacturer, Mylan had a duty of "sameness."  Accordingly, Mylan cannot be held liable for failing to change their warning label to include a risk of Stevens-Johnson Syndrome, when it was the same as the brand-name label.

For the reasons stated in the *Report and Recommendation*, this Court finds that Plaintiff's Objections with respect to each group of Defendants are without merit and are hereby **OVERRULED**.

The *Report and Recommendation,* Document 47, is **ADOPTED** and **AFFIRMED.** Defendants' Motions to Dismiss are hereby **GRANTED** and final judgment shall be entered in favor of Defendants.

The Clerk shall remove Documents 24, 26, and 47 from the Court's pending motions list. The Clerk shall terminate this case.

**IT IS SO ORDERED**.

/s/ *George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**